United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-11068
Summary Calendar

DANIEL STOLLEY,

Plaintiff-Appellant,

v.

LOCKHEED MARTIN AERONAUTICS COMPANY,

Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
4:04-CV-303

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Daniel Stolley appeals the district court's grant of
summary judgment for the defendant, Lockheed Martin Aeronautics Co.
("Lockheed") in this Title VII religious discrimination case. We
AFFIRM.

**I. BACKGROUND**

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

On February 13, 2003, Stolley applied for employment as an aircraft assembler at Lockheed's manufacturing facility in Fort Worth, Texas. The application included a question asking whether Stolley was able to perform shift work, rotational work schedules, overtime, and work schedules that included Saturdays and Sundays. Stolley answered in the affirmative and expressed no concerns at that time. Two days later, Stolley accepted Lockheed's job offer and agreed to start on February 24. On February 27, however, he learned that he had been assigned to a shift that include working from 3:45 p.m. to 12:15 a.m. on Fridays. This presented a problem for Stolley because, as a member of the United Church of God, he observes the Sabbath from sundown on Friday until sundown on Saturday, and is prohibited from working during that time.

Stolley notified Lockheed of his predicament, and the assignment supervisor inquired about re-assigning Stolley to a different department with an earlier shift that would not conflict with his religious observance. The other department saw no problem with the reassignment, but the labor relations department advised that the seniority provisions of the collective bargaining agreement ("CBA") between Lockheed and the International Association of Machinists and Aerospace Workers ("the Union") prohibited any such reassignment. The CBA governs the terms of employment for aircraft assemblers like Stolley, and includes provisions that allocate preference for shift-swapping and transfers based on seniority.

Stolley next contacted his Union representative, Norm Huddleston, and a labor analyst, Daryl Rous, to evaluate whether Lockheed could accommodate him, either through transfer to an earlier shift or allowing him to work different hours than those established for that shift. The CBA forbid the transfer, however, and required Lockheed to pay Stolley overtime for any make-up hours worked outside the established shift.[1] The Union was unwilling to waive the applicable provisions.

On March 14, Lockheed fired Stolley for leaving work before sundown on each of the Fridays that he had been scheduled to work. At that time, Stolley had been employed for less than 35 days and was still a probationary employee.

In the district court, Stolley argued that Lockheed violated the religious discrimination provisions of Title VII of the Civil Rights Act of 1964 by failing to reasonably accommodate his religious beliefs through reassignment, and by asking prospective employees whether they could work on Saturdays and Sundays, which creates a disparate impact on individuals with religious beliefs similar to Stolley's. The district court granted Lockheed's motion for summary judgment, and Stolley appeals.

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Atkins v.*

---

[1]Under the CBA, Lockheed would have had to pay Stolley overtime pay 1.5 times his hourly rate for each hour worked for reporting early on Fridays, and 2 times his hourly rate for any hours worked on the weekend.

*Hibernia Corp.*, 182 F.3d 320, 323 (5th Cir. 1999). Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## II. DISCUSSION

This case arises under Title VII, which prohibits religious discrimination in employment. See 42 U.S.C. § 2000e–2(a)(2003). It is undisputed that Stolley informed Lockheed of his bona-fide religious belief that conflicted with an employment requirement, and was fired because of his failure to comply with the requirement, thus establishing a prima-facie case of religious discrimination. *See Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000). The burden shifts to Lockheed to show that it was unable to reasonably accommodate Stolley's beliefs without undue hardship. *Id.* The district court, in granting summary judgment, found that Lockheed could not reasonably accommodate Stolley because of the seniority provisions of the CBA. Title VII does not require an employer to "deny the shift and job preferences of some employees," or "deprive them of their contractual rights, in order to accommodate . . . the religious needs of others." *Trans World Airlines v. Hardison*, 432 U.S. 63, 81 (1977).

On appeal, Stolley argues that the trial court erred by (1) drawing inferences in favor of summary judgment from disputed facts, (2) evaluating only the accommodations that Stolley himself

4

proposed, thereby overlooking Lockheed's failure to seek reasonable accommodations with the Union, and (3) holding that no accommodations were possible under the CBA.

On summary judgment, inferences drawn from disputed facts must be viewed in the light most favorable to the party opposing the motion. *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 460 (5th Cir. 1991). The fact at issue is whether Lockheed's labor analyst, Rous, asked the Union whether it would waive the seniority provision of the CBA. Rous first spoke with Union representative Huddleston, who stated that the Union was unwilling to waive the provisions. Rous says that he then spoke with Bennie Baker, another Union representative, who reiterated Huddleston's statement. Baker, however, does not remember discussing the matter with Rous prior to Stolley's termination. Based on this, Stolley argues that whether Rous asked the Union to waive the provision is a disputed fact. However, it is only disputed whether Rous spoke to Baker, not whether Rous spoke to Huddleston. Therefore, the court did not draw an inference in favor of Lockheed by finding that the Union — speaking to Rous through Huddleston — refused to waive the provisions.[2]

Stolley next argues that the district court erred by only

_____

[2]Stolley also argues that the district court erred in concluding that the single conversation foreclosed all the discussion of accommodation required by an employer. However, the record shows that Stolley and Lockheed made the Union fully aware of the need for an accommodation, and Stolley does not provide any authority suggesting a greater duty.

evaluating the accommodations that Stolley had earlier proposed, thereby overlooking Lockheed's failure to seek other reasonable accommodations with the Union. He specifically points to two potential accommodations he believes Lockheed should have pursued.[3] Contrary to Stolley's argument, however, the order granting summary judgment suggests that the district court considered these additional accommodations — referring to them as "belatedly" suggested by Stolley — and found that they too ran afoul of the CBA. We therefore find that the district court did not overlook these alternative accommodations, and turn to the question of whether the court was correct in finding that, as a matter of law, Lockheed could not reasonably accommodate Stolley's religious beliefs.

As stated above, Title VII does not require employers to make religious accommodations that infringe on the rights of fellow employees. *See Trans World Airlines*, 432 U.S. at 81. Moreover, where seniority-bidding provisions in collective-bargaining agreements conflict with the religious beliefs of an employee so that no accommodation is possible, an employer will not be liable for its failure to accommodate. *Id.* at 79; *Brener v. Diagnostic Ctr. Hosp.*, 671 F.2d 141, 146 (5th Cir. 1982).

---

[3]The additional suggested accommodations for Lockheed were (1) placing Stolley in one of three vacant early-shift positions that were instead filled with new hires, or (2) exercising its right of management, found in the CBA, to make a transfer outside seniority lines for "other legitimate reasons."

Had Stolley expressed his need for religious accommodation during the hiring process, before he was assigned to a shift, Lockheed may have been able to place him in the earlier shift without implicating the CBA. After Stolley was hired, assigned, and began work, however, reassigning him to the earlier shift would have violated the provision in the CBA that allocates the right to such transfers based on seniority. Because the Union was unwilling to waive the provision, Lockheed could not reasonably accommodate Stolley without running afoul of the CBA.

The additional accommodations suggested by Stolley — placing Stolley in one of three vacant early-shift positions that were instead filled with new hires; or exercising Lockheed's right of management, found in the CBA, to make a transfer outside seniority lines for "other legitimate reasons" — would have also violated the CBA. While there were vacancies on the earlier shift at the time Lockheed fired Stolley that were subsequently filled with new hires, the CBA already applied to Stolley as an existing employee, and forbid the transfer. Similarly, Lockheed's right of management to make transfers for "other legitimate reasons" cannot sidestep clear precedent that religious accommodation does not trump other workers' rights under the CBA. *See Trans World Airlines*, 432 U.S. at 81.

For the foregoing reasons, we AFFIRM the district court.